# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM TODD DROWN,**

    **Appellant,**

  **v.**

**WELLS FARGO BANK, NA,**

    **Appellee.**

**Case No. 2:10-cv-272**
**JUDGE GREGORY L. FROST**

**WILLIAM TODD DROWN,**

    **Appellant,**

  **v.**

**COLONY MORTGAGE CORP., et al.,**

    **Appellees.**

**Case No. 2:10-cv-307**
**JUDGE GREGORY L. FROST**

**WILLIAM TODD DROWN,**

    **Appellant,**

  **v.**

**AMERICA'S WHOLESALE LENDER, et al.,**

    **Appellees.**

**Case No. 2:10-cv-309**
**JUDGE GREGORY L. FROST**

**WILLIAM TODD DROWN,**

    **Appellant,**

    **v.**

**COUNTRYWIDE
HOME LOANS, INC., et al.,**

    **Appellees.**

    **Case No. 2:10-cv-310**
    **JUDGE GREGORY L. FROST**

**CLYDE HARDESTY,**

    **Appellant,**

    **v.**

**OPTION ONE MORTGAGE
CORPORATION, et al.,**

    **Appellees.**

    **Case No. 2:10-cv-313**
    **JUDGE GREGORY L. FROST**

**CLYDE HARDESTY,**

    **Appellant,**

    **v.**

**CHARTER ONE BANK, et al.,**

    **Appellees.**

    **Case No. 2:10-cv-315**
    **JUDGE GREGORY L. FROST**

**WILLIAM TODD DROWN,**

       **Appellant,**

       **v.**

**AURORA LOAN SERVICES, LLC, et al.,**

       **Appellees.**

       **Case No. 2:10-cv-316**
       **JUDGE GREGORY L. FROST**

**CLYDE HARDESTY,**

       **Appellant,**

       **v.**

**SMALL BUSINESS ADMINISTRATION,**

       **Appellee.**

       **Case No. 2:10-cv-324**
       **JUDGE GREGORY L. FROST**

**WILLIAM TODD DROWN,**

       **Appellant,**

       **v.**

**WELLS FARGO BANK, NA, et al.,**

       **Appellees.**

       **Case No. 2:10-cv-325**
       **JUDGE GREGORY L. FROST**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:[1]

(1) a motion to dismiss (Doc. # 16) filed by Appellees Aurora Loan Services, Inc., Mortgage Electronic Registration Systems, Inc., CitiMortgage, Inc., Option One Mortgage

---

[1] For ease of reference, the Court shall refer only to the docket numbers of the filings in Case No. 2:10-cv-272. This Opinion and Order applies to the corresponding filings in each of the consolidated cases.

3

Corporation, Charter One Bank, and Wells Fargo Bank N.A.;

(2) a motion to dismiss (Doc. # 18) filed by Appellees America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans, Inc., and United States of America, Small Business Administration;

(3) a motion to dismiss (Doc. # 19) filed by Appellees American Wholesale Lender, Mortgage Electronic Registrations Systems, Inc., and Wells Fargo Bank, N.A.;

(4) a combined memorandum in opposition (Doc. # 21) filed by Appellants William Todd Drown;

(5) a reply memorandum (Doc. # 22) filed by Appellees Aurora Loan Services, Inc., Mortgage Electronic Registration Systems, Inc., CitiMortgage, Inc., Option One Mortgage Corporation, Charter One Bank, and Wells Fargo Bank N.A.;

(6) a motion to file a supplemental reply memorandum (Doc. # 26) filed by Appellees Aurora Loan Services, Inc., Mortgage Electronic Registration Systems, Inc., CitiMortgage, Inc., Option One Mortgage Corporation, Charter One Bank, and Wells Fargo Bank N.A.; and

(7) a memorandum in opposition (Doc. # 27) filed by Appellants William Todd Drown and Clyde Hardesty.

For the reasons that follow, the Court **GRANTS** the motion for leave to file a supplemental reply memorandum (Doc. # 26), but **DENIES** the motions to dismiss (Docs. # 16, 18, 19).

As a threshold matter, this Court notes that select appellees have filed a motion for leave to file a supplemental reply memorandum. (Doc. # 26.) As grounds for this motion, the moving appellees argue that because Appellants filed their motion to certify questions to the Ohio

Supreme Court (Doc. # 23) after Appellees had filed the motions to dismiss, Appellees should be heard on what they describe as "the propriety" of filing the certification motions.  The moving appellees indicate that they fear that Appellants intended the certification motions to moot the motions to dismiss.  Appellants in turn oppose consideration of the proffered supplemental reply memorandum on the grounds that there is nothing improper about the filing of the certification motion and that the moving appellees simply rehash arguments that they have already made in their prior briefing.

This is a largely inane debate.  The timing and sequence of when Appellants finally filed their certification motions do not moot the issue of whether Appellants' not having filed merits briefs constitutes failure to prosecute warranting dismissal.  The Court nonetheless **GRANTS** the motion for leave to file a supplemental reply memorandum (Doc. # 26), has considered the proffered brief, and concludes that it presents no grounds warranting dismissal.

Turning to the equally unpersuasive motions to dismiss, the Court notes that all the motions assert that dismissal is warranted based upon Appellants' failure to prosecute the appeals.  Appellees initially cite Appellants' purported failure to comply with Federal Rule of Appellate Procedure 31(a) as the basis for their motions.  Several of the appellees later concede in their reply memorandum that this appellate rule appears to be inapplicable to bankruptcy appeals.  They are correct.  Federal Rule of Bankruptcy Procedure 8009 and not Federal Rule of Appellate Procedure 31(a) governs briefing deadlines in bankruptcy appeals.  *See In re Nikolai*, 5 F.3d 1495, 1993 WL 391540, at *2 n.1 (5th Cir. 1993) (unpublished table decision).

The crux of the failure to prosecute argument remains the same regardless of what rule applies: Appellees argue that because Appellants failed to file their appellate briefs, they have

failed to prosecute the appeals and dismissal is warranted.  This argument is based on a flawed premise because Appellants have not been allowed to file appellate briefs, much less negligent in having not done so.  Moreover, Appellants' delay in filing the certification motions does not rise to the level of failure to prosecute in light of the confusion that has surrounded these cases.

Following the filing of the notices of appeal, Appellants indicated the likelihood of their filing motions to certify questions to the Ohio Supreme Court.  The Court therefore scheduled and held a telephone status conference.  As a result of discussions held during that conference, Appellants were to file several motions, one to suspend the briefing schedule and to consolidate the captioned appeals and one for certification.  Appellants divided their filing into three motions.  In response to a motion to suspend the briefing schedule, this Court entered an Order on April 16, 2010 in Case No. 2:10-cv-272 that, as permitted by Federal Rule of Bankruptcy Procedure 8009(a), suspended the briefing schedule and indicated that the Court would "set a briefing schedule following disposition of the consolidation and certification motions" that were to be filed "shortly."  (Doc. # 10.)  Similar orders suspending the briefing schedule were filed in each of the cases, although these orders indicated only that the Court would set a briefing schedule following its disposition of the consolidation issue.

Appellants moved for consolidation, and an expedited briefing period on the motion ended in May 2010.  On May 25, 2010, the Court entered an Order consolidating all nine cases, with Case No. 2:10-cv-272 serving as the lead case.  (Doc. # 15.)  At that time, the briefing schedule on the merits briefs was still suspended and this Court anticipated Appellants' filing of a combined certification motion.  As the Court had discussed during the earlier telephone status conference, it made little sense to have merits briefing prior to disposition of the certification

6

issue. The Court had not set a deadline for the filing of a certification motion, however, and the period before the filing of such motion grew from "shortly" to a period of inexplicable delay.

During this period of time, the Court was under the impression that all parties understood that merits briefing continued to be in suspension and that because of the consolidation, the 2:10-cv-272 Order that indicated that the Court would issue a briefing schedule following disposition of the certification issue controlled. Appellant Drown indicates in his memorandum in opposition to the dismissal motions that he was unaware of the sequence memorialized in that Order and that he was waiting for the Court to issue a briefing schedule for a certification motion. (Doc. # 21, at 3.) Several appellees in turn characterize the telephone conference as follows: "The Court said that once all of the cases were consolidated a briefing schedule would be set and suspended pending a decision on the motions for certification." (Doc. # 22, at 2.) In any event, Appellees moved in July 2010 for dismissal for Appellants' failure to file merits briefing, apparently ignoring the Orders suspending merits briefing and the fact that the Court had never set a new briefing schedule. Appellants subsequently filed the combined certification motion on August 24, 2010. (Doc. # 23.)

This Court recognizes that the instant dispute might have arisen in part because the Court may have not been sufficiently clear in its prior Orders and discussions with counsel. The Court accepts responsibility for its acceptance of (and consequent use of language tracking) the representation that the certification motion would be filed "shortly." Had the Court set a deadline for the filing of such a motion, no party would be able to assert that it was operating under a misunderstanding. This Court does not accept responsibility for any party ignoring filed Orders.

In light of the foregoing circumstances, dismissal for failure to prosecute is not warranted under Federal Rule of Bankruptcy 8001(a).  The Court therefore **GRANTS** the motion for leave to file a supplemental reply memorandum (Doc. # 26) and **DENIES** the motions to dismiss (Docs. # 16, 18, 19).

Although it has taken more time than it should have, the consolidated appeals are now in a proper procedural position to enable development of the litigation, however belated that development is.  The Court shall proceed to rule on the combined certification motion and will hold a status conference promptly after its ruling in order either to proceed with certification or to set a merits briefing schedule.

    **IT IS SO ORDERED**.

                                                          /s/ Gregory L. Frost
                                                    GREGORY L. FROST
                                                    UNITED STATES DISTRICT JUDGE