# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**WILLIAM TODD DROWN,**

        **Appellant,**

            **Case No. 2:10-cv-272**
      **v.**                   **JUDGE GREGORY L. FROST**

**WELLS FARGO BANK, NA,**

        **Appellee.**


**WILLIAM TODD DROWN,**

        **Appellant,**

            **Case No. 2:10-cv-307**
      **v.**                   **JUDGE GREGORY L. FROST**

**COLONY MORTGAGE CORP., et al.,**

        **Appellees.**


**WILLIAM TODD DROWN,**

        **Appellant,**

            **Case No. 2:10-cv-309**
      **v.**                   **JUDGE GREGORY L. FROST**

**AMERICA'S WHOLESALE LENDER, et al.,**

        **Appellees.**

**WILLIAM TODD DROWN,**

        **Appellant,**

                                    **Case No. 2:10-cv-310**

    **v.**                             **JUDGE GREGORY L. FROST**

**COUNTRYWIDE**
**HOME LOANS, INC., et al.,**

        **Appellees.**


**CLYDE HARDESTY,**

        **Appellant,**

                                      **Case No. 2:10-cv-313**

    **v.**                             **JUDGE GREGORY L. FROST**

**OPTION ONE MORTGAGE**
**CORPORATION, et al.,**

        **Appellees.**


**CLYDE HARDESTY,**

        **Appellant,**

                                      **Case No. 2:10-cv-315**

    **v.**                             **JUDGE GREGORY L. FROST**

**CHARTER ONE BANK, et al.,**

        **Appellees.**

2

**WILLIAM TODD DROWN,**

      **Appellant,**

                                        **Case No. 2:10-cv-316**

      **v.**                              **JUDGE GREGORY L. FROST**

**AURORA LOAN SERVICES, LLC, et al.,**

      **Appellees.**

**CLYDE HARDESTY,**

      **Appellant,**

                                        **Case No. 2:10-cv-324**

      **v.**                              **JUDGE GREGORY L. FROST**

**SMALL BUSINESS ADMINISTRATION,**

      **Appellee.**

**WILLIAM TODD DROWN,**

      **Appellant,**

                                        **Case No. 2:10-cv-325**

      **v.**                              **JUDGE GREGORY L. FROST**

**WELLS FARGO BANK, NA, et al.,**

      **Appellees.**

3

<u>**OPINION AND ORDER**</u>

The consolidated captioned bankruptcy appeals are before this Court for consideration of issues raised in the appellate brief filed by Appellants, William Todd Drown and Clyde Hardesty (ECF No. 36), the responsive briefs filed by Appellees (ECF Nos. 37, 38, 39, 40), and the reply brief filed by Appellants (ECF No. 42).[1]  For the reasons that follow, this Court **AFFIRMS** the decision of the Bankruptcy Court.

Appellants, Chapter 7 trustees William Todd Drown and Clyde Hardesty, initiated adversary proceedings in the United States Bankruptcy Court for the Southern District of Ohio to avoid Appellees' mortgages pursuant to 11 U.S.C. § 554(a)(3).  The Bankruptcy Court consolidated the nine above-captioned cases due to a shared question of law: "whether a trustee may avoid a mortgage on real property based solely on a defect in the execution of the deed by which the property was conveyed to a debtor."  *Drown v. Wells Fargo Bank, N.A.* (*In re Scott*), 424 B.R. 315, 320 (Bankr. S.D. Ohio 2010).  On March 2, 2010, the Bankruptcy Court granted summary judgment for Appellees, holding that "the Trustees had constructive notice of the Mortgagees' interests in the various parcels of real property.  Accordingly, the Trustees' status as hypothetical purchasers from the Debtors does not provide a basis for avoidance of the mortgages."  *Id.* at 340.  Appellants subsequently appealed to this Court.

The appeals warrant four basic points.

First, the Court recognizes that the Sixth Circuit has not disposed of the issues presented by the consolidated appeals.  Previously, the Clerk filed on the docket a March 1, 2011 appellate

---

[1]  For ease of reference, the Court shall refer only to the docket numbers of the filings in Case No. 2:10-cv-272.  This Opinion and Order applies to the corresponding filings in each of the consolidated cases.

4

decision (ECF No. 41) and its March 24, 2011 mandate (ECF No. 43).  Concerned over the appearance of these documents on the docket and finding the appellate decision inapplicable to the appeals *sub judice*, this Court permitted the parties to file supplemental briefs explaining what possible effect, if any, this precedent had on the issues before the Court.  (ECF No. 44.)

In response, Appellants filed a supplemental brief in which they correctly explained that the court of appeals' decision was not dispositive of the instant appeals.  (ECF No. 45.) Appellees American's Wholesale Lender, Mortgage Electronic Registration System, Inc., Countrywide Home Loans, Inc., and United States of America, Small Business Administration filed a supplemental brief in which they stated that "[t]he [appellate] decision merely supports the position that if the mortgage is properly executed in compliance with Ohio law, then a bankruptcy trustee cannot avoid such mortgage."  (ECF No. 46, at 4.)  This Court agrees with the parties and has concluded that the filing of the appellate decision and mandate in the consolidated cases were errors on the part of the Clerk brought about in part by an error on the part of the Sixth Circuit, which sent the Clerk this material.  The appellate filings arose from separate direct appeals to the Bankruptcy Appellate Panel for the Sixth Circuit from wholly distinct cases in the Bankruptcy Court and are unrelated to the appeals before this Court.

Second, there is no need for a merits opinion by this Court setting forth a rationale that would essentially duplicate the sound reasoning of the Bankruptcy Court.  This Court's review of the record and the appellate briefs presents the unusual situation in which no jurisprudential purpose would be served by issuing a detailed opinion in light of the well-reasoned and comprehensive opinion of the bankruptcy court.  This is an atypical situation in which reviewing courts such as the Sixth Circuit at times find themselves.  *See, e.g., Owens v. Ward*, No. 09-6445,

2011 WL 37819, at *1 (6th Cir. Jan. 6, 2011) ("Because the reasoning which supports judgment for defendants has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose."); *Cooney v. Bob Evans Farms, Inc.*, 395 F. App'x 176, 176 (6th Cir. 2010) ("We have carefully considered the record and briefs of counsel. Having done so, we conclude that a detailed opinion would serve no useful purpose because the panel adopts the reasoning set forth in the Opinion and Order of the district court . . . ."). The Court therefore adopts as its opinion the opinion of the Bankruptcy Court, *Drown v. Wells Fargo Bank, N.A.* (*In re Scott*), 424 B.R. 315, 320 (Bankr. S.D. Ohio 2010), in addition to the discussion on the issues set forth in the November 30, 2010 Opinion and Order on certification (ECF No. 33), which the Court incorporates by reference. *See AbdulSalaam v. Franklin County Bd. of Comm'rs*, 399 F. App'x 62, 64-5 (6th Cir. 2010) (adopting district court opinion as opinion of appellate court).

Third, despite the foregoing dispositive adoption and incorporation, the Court also finds it necessary to comment on an aspect of the briefing. Select appellees argue that Appellants have recast Appellants' positions and arguments at various times in the Bankruptcy Court proceedings and on appeal to this Court, even adopting contradictory positions or asserting arguments that cannot be raised here because Appellants did not raise them before the Bankruptcy Court. To this extent that this appears at least partially correct, the Court agrees that the practice is not permitted. Regardless of whether they are properly before this Court, none of Appellants' arguments on appeal overcome the rationale of the Bankruptcy Court that this Court adopts as its own.

Fourth, the Court also finds it necessary to comment on the premise that today's decision

will open a floodgate of unintended problems.  The parties dispute whether, if upheld, the rationale and conclusions of the Bankruptcy Court will result in systemic problems.  Appellants indeed assert such a slippery slope, parade-of-horribles argument.  But today's decision is confined to the specific facts presented here and should not be regarded as overreaching into unintended areas.  Additionally, this Court agrees with Appellees that Appellants overstate the effect of the Bankruptcy Court's holding.

Based on the reasoning of the Bankruptcy Court as buttressed by this Court's prior discussion of the issues, the Court **AFFIRMS** the decision of the Bankruptcy Court.  The Clerk shall enter judgment accordingly and terminate the captioned cases upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

_____/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE
